IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| KEITH D. JACOBS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>LEGACY HEALTH,<br><br>　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR LONG-TERM SUPPLEMENTAL INCOME BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

COMES NOW Plaintiff, Keith D. Jacobs ("Plaintiff"), with a complaint for long-term disability insurance benefits and alleges against Legacy Health ("Legacy" or "Defendant") as follows:

Page 1 – COMPLAINT FOR LONG-TERM SUPPLEMENTAL INCOME BENEFITS

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

## I. CAUSE OF ACTION

### 1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid Long-Term Supplemental Income ("LTSI") benefits pursuant to the terms of a long-term disability plan ("LTSI Plan") provided by Legacy pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks these remedies, prejudgment and post-judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f) and (g).

## II. IDENTIFICATION OF PLAINTIFF

### 2.1

At all times material herein, Plaintiff was and is a resident of Clark County, Washington.

### 2.2

Legacy employed Plaintiff, and offered the LTSI Plan to its employees as part of an employee welfare benefit plan pursuant to ERISA, 29 U.S.C. § 1002(1).

### 2.3

At all times material herein, Plaintiff was a participant under the LTSI Plan.

Page 2 – COMPLAINT FOR LONG-TERM SUPPLEMENTAL INCOME BENEFITS

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

## III.  IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Legacy was the plan administrator of the LTSI Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(A).

3.2

At all times material herein Legacy was the sponsor of the LTSI Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.3

At all times material herein, Legacy was the claims administrator of the LTSI Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

## IV.  JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f) and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to 28 U.S.C. § 1391.

Page 3 – COMPLAINT FOR LONG-TERM SUPPLEMENTAL INCOME BENEFITS

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

## V. FACTS SUPPORTING CLAIM

5.1

Around October 24, 2014, Plaintiff made a claim for Short-Term Supplemental Income ("STSI") Benefits from Legacy.

5.2

Around December 24, 2014, Legacy approved Plaintiff's STSI claim.

5.3

Plaintiff's claim for STSI benefits was related to chronic headaches, among other things ("Disabilities"). Plaintiff's Disabilities cause symptoms of ringing in the ears, sensitivity to light and sound, nausea, among other things ("Symptoms").

5.4

Around May 27, 2015, Plaintiff's STSI claim was reviewed for coverage under Legacy's LTSI Plan, and Legacy denied Plaintiff's claim LTIS claim.

5.5

Around July 6, 2015, Plaintiff appealed Legacy's LTIS denial, without the assistance of counsel.

5.6

Around September 2, 2015, Legacy upheld its denial of LTIS benefits.

5.7

Plaintiff has complied with all contractual requirements of the LTSI Plan, including but not limited to the submission of sufficient medical proof of his ongoing medical condition.

Page 4 – COMPLAINT FOR LONG-TERM SUPPLEMENTAL INCOME BENEFITS

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

5.8

Defendant has wrongfully denied Plaintiff's claim for LTIS benefits.

5.9

Defendant' wrongful denial was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

5.10

As a direct and proximate result of Defendant's wrongful denial of LTIS benefits Plaintiff has been damaged in the amount of each unpaid monthly benefit from May 28, 2015 through date of judgment.

5.11

As a direct and proximate result of Defendant' wrongful denial of LTIS benefits Plaintiff is entitled to recover pre-judgment interest, which is accruing on each unpaid monthly benefit payment from May 28, 2015 through date of judgment.

5.12

As a direct and proximate result of Defendant' wrongful denial of LTSI benefits Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For the gross amount of each unpaid monthly benefit payment from May 28, 2015 through date of judgment pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B. For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's claim, and estopping Defendant from continuing to deny Plaintiff's claim;

C. For a declaration that Plaintiff is entitled to receive his full monthly benefit under the LTIS Plan for as long as he remains disabled under the LTIS Plan;

D. For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

E. For pre-judgment and post-judgment interest; and

F. For such further relief as the court deems just and equitable.

DATED this 27th day of May 2016.

*/s/ Chris Roy*
Chris Roy, OSB # 031777
Roy Law
520 S.W. Yamhill, Suite 212
Portland, OR 97204
PH:   503-206-4313
FAX:  855-344-1726
chris@roylawpdx.com

Page 6 – COMPLAINT FOR LONG-TERM SUPPLEMENTAL INCOME BENEFITS

**ROY LAW**
520 SW Yamhill, #212
Portland, OR 97204
TEL 503-206-4313
FAX 855-344-1726
chris@roylawpdx.com